IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Derrick Jermaine Lewis, # 20616-171, | ) | C/A No.: 1:11-1612-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| United States of America; United States District Court; Edward D JR Barnhill; Greenwood PD; and Tortorfeasor, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Beckley Federal Correctional Institution in Beaver, West Virginia. Plaintiff brought this civil rights action, which is construed as brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

---

[1] *Bivens* establishes as a general proposition that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–820, n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994).

I.      Factual and Procedural Background

Plaintiff has brought suit against the United States of America, the United States District Court for the District of South Carolina, an employee of the City of Greenwood Police Department, the City of Greenwood Police Department, and an unnamed person for issues related to Plaintiff's criminal case, *United States of America v. Derrick Lewis*, Criminal No. 6:10-CR-0237-GRA-2 ("Criminal Action").[2] *See generally* Compl. [Entry #1]. Plaintiff was convicted in his Criminal Action pursuant to a guilty plea for distribution of cocaine and marijuana and is serving a sentence of 84 months, with four years of supervised release. In the instant action, Plaintiff alleges: (1) Defendants "accepted and honored false documents" relating to charges for which Plaintiff alleges he was exonerated; and (2) Defendants illegally detained Plaintiff by accepting such false documents, violating Plaintiff's constitutional rights. *Id.* at 6–8.

II.     Discussion

   A.   Standard of Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

---

[2] Plaintiff's complaint seeks monetary damages for alleged violations of his constitutional rights and was therefore classified by the Clerk of Court as brought pursuant to 42 U.S.C. § 1983 and *Bivens*. However, to the extent Plaintiff seeks to have his conviction overturned, he must bring a petition for a writ of habeas corpus as set forth herein.

action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

    1. Suit Against the United States or its Agencies

Express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Even if this case is treated as a *Bivens* action, no

action may not be brought against agencies of the United States without its express consent. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies). Here, there is no evidence of express consent by the United States or the United States District Court.

To the extent this case could be construed as brought under the Federal Tort Claims Act (FTCA), the United States, the Administrative Office of United States Courts, and the United States Court of Federal Claims are entitled to summary dismissal on the basis of sovereign immunity. *See Rice v. National Security Council*, 244 F. Supp. 2d 594, 599–600 (D.S.C. 2001), *affirmed*, 46 Fed.Appx. 212,(4th Cir. 2002). Additionally, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. *See* 28 C.F.R. § 14.2; Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). Therefore, it is recommended that Plaintiff's claims against the United States and the United States District Court be dismissed.

2. Claims Related to Plaintiff's Criminal Action

Plaintiff's complaints about matters relating to his Criminal Action are subject to summary dismissal because no right of action has accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a complaint for damages under § 1983 must be dismissed if a judgment in the plaintiff's favor would necessarily imply the invalidity of his underlying conviction or sentence. *Id*. Specifically, the Court held:

4

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486–87 (footnote omitted). The holding of *Heck* is applicable in § 1983 actions against state officials and in *Bivens* actions against federal officials. *See Rice v. National Security Council*, 244 F. Supp. 2d at 601–602 (collecting cases). Therefore, Plaintiff's complaint must be dismissed.

To the extent Plaintiff seeks immediate release from prison due to the alleged violations of his constitutional rights, release from prison is not available in this civil rights action. *See Heck*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

III.    Recommendation

For the foregoing reasons, it is recommended that the above-captioned case be dismissed without prejudice and without service of process.

IT IS SO RECOMMENDED.

November 21, 2011                                   Shiva V. Hodges
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**